William E. Miller, Esq.
Stern & Eisenberg, PC
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Telephone: (215) 572-8111
Facsimile: (215) 572-5025

# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA
# (PHILADELPHIA)

| In Re: | Chapter 13 |
|---|---|
| Duy Quan | |
| Debtor | Case Number: 16-11889-sr |
| ------------------------------------- | |
| Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-13ATT | |
| Movant | |
| v. | |
| Duy Quan | |
| Debtor | |
| Frederick L. Reigle | |
| Chapter 13 Trustee, | |
| Respondent | |

## ORDER GRANTING MOTION TO APPROVE LOAN MODIFICATION

The relief set forth on the following pages is hereby **ORDERED.**

Upon consideration of the proposed loan modification between Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-13ATT and Debtor, it is hereby ORDERED that:

1. The proposed loan modification attached to the Motion for Approval of Loan Modification as Exhibit "A" provides that:

    a. The change in monthly mortgage payment is effective with the October 1, 2016 monthly payment.

    b. The terms of the modification can be summarized as follows:

    | | |
    |---|---|
    | Unpaid principal balance | $85,218.47 |
    | Interest Bearing Principal Balance | $71,300.00 |
    | Modification Interest Rate | 5.00% |
    | Modification Principal & Interest Payment | $343.81 |
    | Monthly Escrow Payment | $112.93 *escrow amount may change from time to time in accordance with the terms of the loan modification* |
    | Modification Effective Date | 10/01/2016 |
    | First Modification Payment Date | 11/01/2016 |

    c. The new maturity date will be October 1, 2046.

    d. The new principal balance of the loan will be $85,218.47, of which $71,300.00 will be interest bearing. The deferred amount of $13,918.47, will become due by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire interest Bearing Principal Balance, or (iii) the new Maturity Date.

2. Debtor shall remain responsible to all other covenants, agreements, and requirements of the Mortgage, including without limitation, the covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments as set out in the Mortgage, unless specifically waived in the proposed loan modification.

3. The modification is approved by the Court and the parties may enter into the loan modification agreement should the parties so choose.

4. In the event the loan modification is consummated by the parties and the pre-petition arrears are capitalized into the loan, this Order shall serve to amend Creditor's Proof of Claim. No additional amendment of the Proof of Claim shall be required.

5. Debtor shall file an Amended Schedule J and Modified Plan within twenty (20) days of the date of this Order.

It is hereby ORDERED and DECREED that the Motion to Approve Loan Modification is GRANTED.

By the Court:

Dated: April 20, 2017

Judge Stephen Raslavich