## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Duy Quan | | CHAPTER 13 |
| | Debtor | |
| MTGLQ Investors, LP | | |
| | Movant | |
| vs. | | NO. 16-11889 JKF |
| Duy Quan | | |
| | Debtor | |
| Frederick L. Reigle | | 11 U.S.C. Section 362 |
| | Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,044.96,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments | September 2017 through November 2017 at $390.88/month |
| Less Suspense Balance: | $127.68 |
| **Total Post-Petition Arrears** | **$1,044.96** |

2.    The Debtor(s) shall cure the aforesaid arrearage while maintaining ongoing post-petition contractual mortgage payments, in the following manner:

a).    Beginning on December 1, 2017  and continuing through May 31, 2018 , until the arrearage is cured, Debtor(s) shall maintain, and pay when due, the present post-petition contractual monthly payment of **$390.88** on the mortgage (or as adjusted pursuant to the terms of the mortgage) which payment is due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month), plus an installment payment of **$174.16** towards the arrearage on or before the last day of each month;

b).    Debtor(s) shall maintain contractual monthly mortgage payments thereafter;

c).    The current payment address for the mailing of payments is as follows:

> Rushmore Loan Management Services
> P.O. Box 52708
> Irvine, CA 92619-2708

3.    Should Debtor(s) provide sufficient proof of payments made (front & back copies of cancelled checks and/or money orders), but not credited, Movant shall adjust the account accordingly.

4.    In the event that the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting relief from the automatic stay as to the mortgaged premises, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed form of order filed by Movant with its instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or to any of its successors or assignees, should the claim be assigned or transferred.)

5.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

6.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7.   The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan, mortgage and applicable law.

8.   The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 11, 2017          By:   /s/ Kevin G. McDonald, Esquire

KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date:   1-18-18

Michael A. Cibik, Esquire
Attorney for Debtor

Date:   1/15/18

Frederick L. Reigle
Chapter 13 Trustee

Approved and SO ORDERED by the Court this 24th day of January            , 2017. 2018.
However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Jean K. Fitzsimon