United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                        Case No. 16-11889-jkf
Duy Quan                                                                      Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: Stacey             Page 1 of 1          Date Rcvd: Jan 24, 2018
                        Form ID: pdf900          Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 26, 2018.
db          +Duy Quan,    142 Sparks Street,    Philadelphia, PA 19120-1945
cr          +Wilmington Savings Fund Society, FSB,    Stern & Eisenberg, PC,    1581 Main Street,   Suite 200,
              Warrington, PA 18976-3400

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: bankruptcy@phila.gov Jan 25 2018 03:03:27      City of Philadelphia,
              City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
              Philadelphia, PA  19102-1595
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 25 2018 03:02:50      Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
              Harrisburg, PA  17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jan 25 2018 03:03:15      U.S. Attorney Office,
              c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
                                                                                               TOTAL: 3

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 26, 2018                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 24, 2018 at the address(es) listed below:
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    Toyota Motor Credit Corporation
               bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
              CHRISTOPHER M. MCMONAGLE    on behalf of Creditor    Wilmington Savings Fund Society, FSB
               cmcmonagle@sterneisenberg.com, bkecf@sterneisenberg.com
              FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    MTGLQ Investors, LP bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    MTGLQ Investors, LP KMcDonald@blankrome.com
              MARIO J. HANYON    on behalf of Creditor    Toyota Motor Credit Corporation paeb@fedphe.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Toyota Motor Credit Corporation
               bkgroup@kmllawgroup.com
              MICHAEL A. CATALDO2    on behalf of Debtor Duy  Quan ecf@ccpclaw.com,
               cataldomr70146@notify.bestcase.com
              MICHAEL A. CIBIK2    on behalf of Debtor Duy  Quan ecf@ccpclaw.com,
               cibikmr70146@notify.bestcase.com
              POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              REBECCA ANN SOLARZ    on behalf of Creditor    MTGLQ Investors, LP bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    MTGLQ Investors, LP tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM EDWARD MILLER    on behalf of Creditor    Wilmington Savings Fund Society, FSB
               wmiller@sterneisenberg.com, bkecf@sterneisenberg.com
                                                                                               TOTAL: 14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Duy Quan | | CHAPTER 13 |
| | Debtor | |
| MTGLQ Investors, LP | | |
| | Movant | |
| vs. | | NO. 16-11889 JKF |
| Duy Quan | | |
| | Debtor | |
| Frederick L. Reigle | | 11 U.S.C. Section 362 |
| | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,044.96**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments | September 2017 through November 2017 at $390.88/month |
| Less Suspense Balance: | $127.68 |
| **Total Post-Petition Arrears** | **$1,044.96** |

2. The Debtor(s) shall cure the aforesaid arrearage while maintaining ongoing post-petition contractual mortgage payments, in the following manner:

    a). Beginning on December 1, 2017 and continuing through May 31, 2018, until the arrearage is cured, Debtor(s) shall maintain, and pay when due, the present post-petition contractual monthly payment of **$390.88** on the mortgage (or as adjusted pursuant to the terms of the mortgage) which payment is due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month), plus an installment payment of **$174.16** towards the arrearage on or before the last day of each month;

    b). Debtor(s) shall maintain contractual monthly mortgage payments thereafter;

    c).  The current payment address for the mailing of payments is as follows:

      Rushmore Loan Management Services
      P.O. Box 52708
      Irvine, CA 92619-2708

  3.  Should Debtor(s) provide sufficient proof of payments made (front & back copies of cancelled checks and/or money orders), but not credited, Movant shall adjust the account accordingly.

  4.  In the event that the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting relief from the automatic stay as to the mortgaged premises, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed form of order filed by Movant with its instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or to any of its successors or assignees, should the claim be assigned or transferred.)

  5.  If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

  6.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

Case No. 16-11889 JKF    Stipulation    Page 3 of 3

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan, mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: December 11, 2017    By: /s/ Kevin G. McDonald, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 1-18-18

Michael A. Cibik, Esquire
Attorney for Debtor

Date: 1/19/18

Frederick L. Reigle
Chapter 13 Trustee

Approved and SO ORDERED by the Court this 24th day of January, 2018.
However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Jean K. Fitzsimon