United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 16-11889-jkf
Duy Quan                                                            Chapter 13
          Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin          Page 1 of 2          Date Rcvd: Jan 03, 2020
                              Form ID: 3180W       Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 05, 2020.
db              +Duy Quan,    142 Sparks Street,   Philadelphia, PA 19120-1945
13715491        +Toyota Motor Credit Corporation,    PO Box 9013,   Addison, TX 75001-9013
13748551         Wells Fargo Bank, N.A.,   Default Document Processing,   N9286-01Y, 1000 Blue Gentian Road,
                  Eagan, MN 55121-7700

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg              E-mail/Text: megan.harper@phila.gov Jan 04 2020 03:07:27    City of Philadelphia,
                  City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                  Philadelphia, PA  19102-1595
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 04 2020 03:06:51
                  Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                  Harrisburg, PA  17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jan 04 2020 03:07:11    U.S. Attorney Office,
                  c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
13787096        +E-mail/Text: megan.harper@phila.gov Jan 04 2020 03:07:27
                  CITY OF PHILADELPHIA LAW DEPARTMENT - TAX UNIT,    BANKRUPTCY GROUP - MSB,
                  1401 JOHN F. KENNEDY BLVD, 5TH FLOOR,   PHILADELPHIA, PA 19102-1640
13724204         EDI: CAPITALONE.COM Jan 04 2020 07:53:00    Capital One Bank (USA), N.A.,   PO Box 71083,
                  Charlotte, NC  28272-1083
13724205         EDI: CAPITALONE.COM Jan 04 2020 07:53:00    Capital One, N.A.,   PO Box 71083,
                  Charlotte, NC  28272-1083
13693676        +E-mail/Text: ecf@ccpclaw.com Jan 04 2020 03:06:28    Cibik and Cataldo, P.C.,
                  1500 Walnut Street,   Suite 900,   Philadelphia, PA 19102-3518
13763208         E-mail/PDF: MerrickBKNotifications@Resurgent.com Jan 04 2020 03:11:21    MERRICK BANK,
                  Resurgent Capital Services,   PO Box 10368,   Greenville, SC 29603-0368
14252643        +E-mail/Text: bknotices@snsc.com Jan 04 2020 03:07:44
                  U.S. Bank Trust National Association, as Trustee,   C/O SN Servicing Corp.,   323 5th Street,
                  Eureka, CA 95501-0305
13750260        +E-mail/Text: bkteam@selenefinance.com Jan 04 2020 03:06:31
                  Wilmington Savings Fund Society, et al,   c/o Selene Finance, LP,
                  9990 Richmond Avenue, Suite 400 South,   Houston, TX 77042-4546
                                                                                      TOTAL: 10

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 05, 2020                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 2, 2020 at the address(es) listed below:
          BRIAN CRAIG NICHOLAS   on behalf of Creditor   Toyota Motor Credit Corporation
           bnicholas@kmllawgroup.com,  bkgroup@kmllawgroup.com
          CHRISTOPHER M. MCMONAGLE   on behalf of Creditor   Wilmington Savings Fund Society, FSB
           cmcmonagle@sterneisenberg.com,  bkecf@sterneisenberg.com
          DANIEL P. JONES   on behalf of Creditor   Wilmington Savings Fund Society, FSB
           djones@sterneisenberg.com,  bkecf@sterneisenberg.com
          JOSHUA ISAAC GOLDMAN   on behalf of Creditor   MTGLQ Investors, LP bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          KARINA VELTER   on behalf of Creditor   Wells Fargo Bank, N.A. amps@manleydeas.com
          KEVIN G. MCDONALD   on behalf of Creditor   MTGLQ Investors, LP bkgroup@kmllawgroup.com
          MARIO J. HANYON   on behalf of Creditor   Toyota Motor Credit Corporation paeb@fedphe.com
          MATTEO SAMUEL WEINER   on behalf of Creditor   Toyota Motor Credit Corporation
           bkgroup@kmllawgroup.com
          MICHAEL A. CATALDO2   on behalf of Debtor Duy  Quan ecf@ccpclaw.com,  igotnotices@ccpclaw.com

```
District/off: 0313-2           User: admin              Page 2 of 2              Date Rcvd: Jan 03, 2020
                               Form ID: 3180W           Total Noticed: 13
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
```
          MICHAEL A. CIBIK2    on behalf of Debtor Duy  Quan ecf@ccpclaw.com,  igotnotices@ccpclaw.com
          POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com
          REBECCA ANN SOLARZ    on behalf of Creditor   MTGLQ Investors, LP bkgroup@kmllawgroup.com
          SCOTT F. WATERMAN (Chapter 13)   ECFMail@ReadingCh13.com
          THOMAS I. PULEO    on behalf of Creditor   MTGLQ Investors, LP tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM EDWARD MILLER    on behalf of Creditor   Wilmington Savings Fund Society, FSB
           wmiller@sterneisenberg.com,  bkecf@sterneisenberg.com
                                                                            TOTAL: 16
```

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Duy Quan** | Social Security number or ITIN  **xxx–xx–6539** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number:  **16–11889–jkf** | | |

# Order of Discharge

**12/18**

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Duy Quan

1/2/20

**By the court:**   Jean K. FitzSimon
United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                **Chapter 13 Discharge**                page 1

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

---